IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PAMELA D. PEEBLES,<br><br>    Plaintiff,<br><br>vs.<br><br>LUM TREYUPA FOBI, Individually and d/b/a LT FOBI LAW, LLC; WILLIAM RENARD CREDLE, individually; and JOHN DOE INSURANCE COMPANY,<br><br>    Defendants. | CIVIL FILE NO.: 3:25-CV-503 |

## NOTICE OF REMOVAL

COMES NOW Defendant Lum Treyupa Fobi, individually and d/b/a LT Fobi Law, LLC ("Defendant Fobi"), by and through undersigned counsel, and files this Notice of Removal, respectfully showing the Court as follows:

1. On May 28, 2025, Plaintiff Pamela D. Peebles ("Plaintiff") filed suit against Defendant Fobi in the civil action styled <u>Pamela D. Peebles v. Lum Treyupa Fobi, individually and d/b/a LT Fobi Law, LLC, and John Doe Insurance Company</u>, in Superior Court of Mecklenburg County, North Carolina, Civil Action No. 25CV026560-590. Plaintiff filed this civil action against Defendant Fobi and Defendant John Doe Insurance Company for alleged claims of legal malpractice, unauthorized practice of law, fraud and misrepresentation, intentional infliction of emotional distress, constructive fraud, punitive damages, negligent misrepresentation, and multijurisdictional ethics violation as it pertains to a North Carolina quitclaim deed drafted by Defendant Fobi.

1

2. On June 11, 2025, Plaintiff filed her first Amended Complaint, adding Defendant Credle as a party to this action, adding further factual allegations, altering and adding causes of action against Defendant Fobi, alleging specific causes of action against Defendant Credle and Defendant John Doe Insurance Company, and increasing her request for compensatory relief.

3. On July 10, 2025, Plaintiff filed her second Amended Complaint, supplementing her factual allegations, altering causes of action asserted against Defendants Fobi and Credle, attaching additional exhibits, and further increasing her request for compensatory relief.

4. A copy of state pleadings available on North Carolina's eCourts File & Serve system are attached collectively hereto as **Exhibit 1**.

## Complete Diversity Jurisdiction Exists

5. At the time of filing Plaintiff's first Amended Complaint, Plaintiff was a citizen and resident of the State of North Carolina.

6. At the time of filing Plaintiff's first Amended Complaint, Defendant Fobi was a citizen and resident of the State of Georgia.

7. At the time of filing Plaintiff's first Amended Complaint, Defendant Credle was a citizen and resident of the State of Georgia.

8. Defendant John Doe Insurance Company is a merely nominal or sham party against whom no real relief is sought. Specifically, as alleged in each of Plaintiff's first and second Amended Complaint, Defendant John Doe Insurance Company "is a fictitious entity believed to provide professional liability coverage for Defendant Fobi." However, a third party who is not the insured and is not in privity with the insurer does not have a cause of action against the insurance company. *See Anderson v. Lancaster Aviation, Inc.,* 220 F. Supp. 2d 524, 530 (M.D.N.C. 2002). Being that Plaintiff's allegations within the Amended Complaint demonstrated that Defendant

Fobi would be Defendant John Doe Insurance Company's insured and there are no allegations that Plaintiff was in privity with Defendant John Does Insurance Company, Defendant John Doe Insurance Company may be disregarded in determining the propriety of removal. *See Holloway v. Pac. Indem. Co.,* 422 F. Supp. 1036, 1038 (E.D. Mich. 1976).

9. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants because Plaintiff is a citizen of the State of North Carolina, and Defendants Fobi and Credle are citizens of the State of Georgia.

## Amount in Controversy Exceeds $75,000

10. Plaintiff's first Amended Complaint seeks a judgment for a sum in excess of $75,000, exclusive of interests and costs. In the first Amended Complaint, Plaintiff seeks compensatory damages in "an amount no less than $6,500,000, jointly and severally against all Defendants."

## Removal is Timely

11. Plaintiff's initial Complaint filed on May 28, 2025, was void of any allegations regarding jurisdictional averments pertaining to the parties. Therefore, Defendant Fobi was unable to ascertain removability of this action.

12. Plaintiff's first Amended Complaint filed on June 11, 2025, included jurisdictional allegations pertaining to Plaintiff and Defendants Fobi and Credle.

13. With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days after receipt by Defendant Fobi of a copy of Plaintiff's first Amended Complaint, which was on June 11, 2025. 28 U.S.C. § 1446(b)(3). The parties being fully diverse, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

### Venue is Proper in the Western District of North Carolina

14. The United States District Court for the Western District of North Carolina is the proper venue for removal under 28 U.S.C. § 1441(a), because the Western District, Charlotte Division, encompasses Mecklenburg County, North Carolina. *See* 28 U.S.C. § 90(a)(3)

### Exception to the Unanimity Requirement

15. Federal courts have recognized exceptions to the rule of unanimity. Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir.2013). A defendant need not join in or consent to removal if: "(1) it had not been served with process at the time the removal petition was filed; (2) it is merely a nominal or formal party defendant; or (3) the removed claim is independent of one or more nonremovable claims against the non-joining defendants." *See Palmetto Automatic Sprinkler Co. v. Smith Cooper Int'l, Inc.*, 995 F. Supp. 2d 492, 495 (D.S.C. 2014); *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va.1992).

16. Defendant Credle has not been properly served with a copy of Plaintiff's Amended Summons and Complaint. Specifically, Defendant Credle was not properly served pursuant to Rule 4 of the North Carolina Rules of Civil Procedure based upon a defective summons. *See* Exhibit 1 at p. 242.

17. Additionally, John Doe Insurance Company is a merely a nominal or sham party against whom no real relief is sought.

18. Therefore, Defendant Fobi does not need to satisfy the unanimity requirement.

### Removal is Proper

19. No previous application for the relief sought herein has been made to this or any other Court by the Defendants.

20. Good and sufficient defenses to Plaintiff's claims exist.

4

21. Now, within thirty (30) days after receipt by Defendant Fobi of a copy of Plaintiff's first Amended Complaint, which was on June 11, 2025, setting forth the claim upon which this civil action is based, notice is hereby given, in accordance with 28 U.S.C. § 1446 and pursuant to Rule 11 of the Federal Rules of Civil Procedure, of the removal of said action to this Court.

22. Defendant Fobi has given written notice of the filing of the Notice of Removal to Plaintiff, Defendant Credle, and the Clerk of Superior Court of Mecklenburg County. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit 2**.

WHEREFORE, this matter is hereby removed to the United States District Court for the Western District of North Carolina, Charlotte Division.

This the 11th day of July, 2025.

Geoffrey A. Marcus (NC Bar No. 54907)
R. Gregory Lewis (NC Bar No. 17496)
**VERNIS & BOWLING OF CHARLOTTE, PLLC**
4601 Park Road, Suite 580
Charlotte, NC 28209
Tel: (704) 910-8162
Fax: (704) 910-8163
gmarcus@national-law.com
glewis@ncarolina-Law.com
*Attorneys for Defendant Lum Treyupa Fobi,*
*individually and d/b/a LT Fobi Law, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a copy of the foregoing document was served by USPS First Class Mail:

Pamela D. Peebles
14914 Bagley Lane
Charlotte, NC 28227
pamdpeebles@gmail.com
*Pro Se Plaintiff*

William Renard Credle
3146 W Manor Circle SW
Atlanta, Georgia 30311
*Pro Se Defendant*

This the 11th day of July, 2025.

Geoffrey A. Marcus
*Counsel for Defendant Lum Treyupa Fobi,
individually and d/b/a LT Fobi Law, LLC*